-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

        Plaintiff,

    -v-　　　　　　　　　　　　　　　　　　　　**DECISION AND ORDER**
                                                                  05-CV-0547S

JUDD C. SULLIVAN, et al.,

        Defendants.

---

    Plaintiff, Ronald Davidson, a "frequent filer" who may be more familiar with the Federal Rules of Civil Procedure and the Local Rules and practices of this Court than most attorneys who practice before the Court, was denied permission to proceed *in forma pauperis* pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g) and directed to pay the filing fee by September 28, 2005. He was advised that if he failed to submit the fee by that date the case would be dismissed without prejudice. (Docket No. 3). Plaintiff, upon motion, was provided an extension of time to November 20, 2005 to pay the fee of $ 250.00. (Docket No. 5). On December 13, 2005, the Court entered an Order dismissing this action because plaintiff failed to pay the filing fee as directed (Docket No. 6); on that same date Judgment was entered in favor of defendants. (Docket No. 7).

    Plaintiff now moves for reconsideration of the Court's Order on the ground that his brother had promised him that he would pay the filing fee but due to "personal financial problems" plaintiff's brother was unable to do so by November

20, 2005. (Docket No. 8). Both plaintiff and his brother have submitted affidavits in support of the motion. (*Id.*)

Initially, the Court notes that a dismissal for failure to pay the filing fee is not a dismissal on the merits and therefore plaintiff may be able to file a new action and pay the filing fee, as long as it is still within the applicable statute of limitations.[1] Moreover, plaintiff may be entitled to the benefit of New York's "saving clause", as long as he meets the specific criteria set forth in the statute. *See* N.Y.C.P.L.R. § 205(a).[2] "Just as the statute of limitations period of three years for § 1983 actions arising in New York is derived from New York law (citation omitted), the rules regarding the running of that limitations period will generally be derived from New York law." *Gashi v. County of Westchester*, No. 02 Civ. 6934(GBD), No. 02 Civ. 6934(GBD) (S.D.N.Y. Jan. 27, 2005). "The Supreme Court has instructed that in section 1983 actions, we borrow not only a state's limitations period but also its 'tolling rules'... unless applying the state's tolling rules 'would defeat the goals of the federal statute at issue'." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (quoting *Board of Regents v. Tomanio*, 446 U.S. 478, 484-86, and *Hardin v. Straub*,

---

[1] The statute of limitations for actions filed under 42 U.S.C. § 1983 is three years. *See Owens v. Okure*, 488 U.S. 235, 251(1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). The complaint notes that the alleged actions herein occurred on or about August 6, 2002. (Docket No. 1, Complaint).

[2] N.Y.C.P.L.R. § 205(a) provides:
If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

490 U.S. 536, 539 (1989)). This Court makes no determination at this time whether plaintiff would be entitled to the "toll" provided by § 205(a) if he decided to file a new action at this time.

The Court considers plaintiff's request for reconsideration (Docket No. 8) to be a motion under Fed.R.Civ.P. 60(b), which provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...;  (3) fraud ..., misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged, ...;  or (6) any other reason justifying relief from the operation of the judgment.

Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). In other words it should be broadly construed to do "substantial justice," see *Seven Elves*, 635 F.2d at 401, yet final judgments should not "be lightly reopened." *Id.*; *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Courts have held that such "extraordinary judicial relief" may be invoked "only upon a showing of exceptional circumstances." *Rand Int'l Leisure Prod., Ltd. v. Teksource L.C.*, No. 97 CV 0319, 1998 WL 372356, at *1 (E.D.N.Y. July 2, 1998) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986)). Moreover, relief is available under subsection (6) "only if the other, more specific grounds for relief

encompassed by the rule are inapplicable." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir.1989) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)).[3]

While the Court does not dispute what is contained in the affidavits of plaintiff and his brother submitted in support of the motion (Docket No. 8), the Court finds that nothing contained therein is sufficient to warrant relief from the Court's Order and Judgment under Fed.R.Civ.P. 60(b)(1) or (6). In other words, plaintiff's failure to pay the filing fee as directed after he was specifically advised of the consequences of his failure to pay the filing fee does not amount to excusable neglect sufficient to warrant relief from the Court's Order. *See, e.g., Cintron-Lorenzo v. Departamento de As untos del Consumidor*, 312 F.3d 522 (1st Cir. 2002) (Neglect of pro se litigant who, was familiar and trained in the law, failed to communicate with the court, not only to inform it of her alleged impairments but also to seek judicial approval for her repeated noncompliance with procedural rules, court orders, and a series of deadlines, was not excusable notwithstanding her personal tragedy or emotional upheaval; thus, the district court's denial of a motion for relief from the judgment dismissing the case for want of prosecution, on the basis of excusable neglect, was not an abuse of discretion.); *Miranda v. American Airlines*, 176 F.R.D. 438, 440-42 (D.C. Puerto Rico) (court held that unfortunate incidents surrounding personal lives of plaintiffs' counsel were not exceptional

---

[3] Plaintiff does not specify the grounds upon which he is moving, so the Court will construe the motion as being made under Rule 60(b)(1) ("excusable neglect") and 60(b)(6).

4

circumstances sufficient to constitute excusable neglect as ground to vacate judgment of dismissal entered for failure to prosecute and for plaintiffs' failure to comply with reasonable court orders).

Moreover, even if the Court could consider whether or not plaintiff's brother's failure to pay the filing fee was sufficient to warrant relief under Rule 60(b)(6), see *Maduakolam*, 866 F.2d at 55, such is not an "exceptional circumstance[] or extreme hardship" that would warrant relief under 60(b)(6). *See Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation*, 605 F.2d 648, 656 (2d Cir.1979).

In the instant case, plaintiff had moved for an extension of time to pay the Court's filing fee and was clearly on notice of the consequences of failing to timely submit the filing fee as directed. Plaintiff was responsible, not his brother, for the payment of the filing fee and his brother's financial problems simply do not amount to excusable neglect under Rule 60(b)(1) or extraordinary circumstances under 60(b)(6) sufficient to warrant the relief sought herein.

Accordingly, plaintiff's motion for reconsideration (Docket No. 8) is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: March 6, 2006